| | | |
|---|---|---|
| WESLEY E. CRAWFORD and | ) | |
| COLLEEN A. CRAWFORD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-516-TAV-DCP |
| | ) | |
| COMMUNITY HEALTH SYSTEMS, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT & RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Sanctions Against Defendant Metro Knoxville HMA, LLC d/b/a Tennova Healthcare North Knoxville Medical Center and Defense Counsel Heidi A. Barcus ("Motion for Sanctions") [Doc. 39]. Defendant Metro Knoxville HMA d/b/a Tennova Healthcare North Knoxville Medical Center ("Defendant Tennova North") responded in opposition [Doc. 43] and filed a Supplement [Doc. 45]. Plaintiffs then filed Plaintiffs' Argument in Opposition to Defendant's Misleading Use of the July 3 Letter in Response to Defendant's Supplemental Filing (Doc. 45) and Notice to the Court of Complete Context Required by the Rule of Completeness ("Plaintiff's Response to the Supplement") [Doc. 46]. This matter is now ripe for review. *See* E.D Tenn. L.R. 7.1(a).

In the motion, Plaintiffs seek sanctions under both Rule 37(d) and 28 U.S.C. § 1927 [Doc. 39 p. 10]. For the reasons outlined below, the Court **DENIES** Plaintiff's request for Rule 37(d)

sanctions and **RECOMMENDS** that the District Judge **DENY** Plaintiffs' request for 28 U.S.C. § 1927 sanctions [**Doc. 39**].

## I.      BACKGROUND

This action was removed from the Circuit Court for Knox County, Tennessee, on October 21, 2025 [Doc. 1]. Plaintiffs' Complaint alleges various claims relating to Plaintiff Wesley E. Crawford's treatment in the emergency department at Tennova Healthcare, North Knoxville Medical Center ("Tennova North") from November 27 to November 29, 2022 [Doc. 1-1]. Plaintiffs had previously filed claims in this Court related to this matter, but the claims were dismissed for failure to adequately state a claim under EMTALA [*See Crawford v. Cmty. Health Sys., Inc.*, No. 3:24-cv-382 [Doc. 92] (E.D. Tenn. Aug. 29, 2025)].

On October 29, 2025, Plaintiffs, proceeding pro se, filed their Motion to Stay All Proceedings Pending Ruling on Remand and asked the Court to "stay all proceedings, including discovery and depositions" [Doc. 9 p. 1]. On March 19, 2026, Defendant Tennova North filed its Motion to Stay Discovery [Doc. 34]. The motion reflects that Plaintiffs had served Defendant Tennova North with interrogatories, requests for production, and requests for admission [*Id.* at 1]. Plaintiffs subsequently filed their Motions for Discovery [*See* Docs. 37, 38, 42, 44].[1] The Court addressed those motions and found them to be premature, as "there [was] no representation that

---

[1]      Plaintiffs' Motion for an Order Confirming Defendant Tennova North's Requests for Admission are Deemed Admitted Pursuant to Fed. R. Civ. P. 36(a)(3) [Doc. 37], Plaintiffs' Motion to Compel Discovery Responses from Defendant Metro Knoxville HMA, LLC d/b/a Tennova Healthcare North Knoxville Medical Center [Doc. 38], Plaintiffs' Motion to Determine Sufficiency of Defendant Tennova North's Untimely Responses to Requests for Admission and to Confirm Deemed Admissions Remain in Full Effect Pursuant to Fed. R. Civ. P. 36(a)(6) [Doc. 42], and Plaintiffs' Motion to Compel Specific Disclosure of Whether Medical Records Exist and for Judicial Intervention to Address Ongoing Pattern of Concealment Across Two Related Federal Cases [Doc. 44].

any Rule 26(f) conferral ha[d] taken place, and no exception ha[d] been granted by stipulation or by the Court" [Doc. 47 pp. 2–3]. The Court further found that "Plaintiffs' motion to compel [Docs. 38, 44] [did] not procedurally comply with the requirements of Federal Rule of Civil Procedure 37(a)," as Plaintiffs failed to satisfy the good faith conference requirement of Federal Rule of Civil Procedure 37(a)(1) [*Id.* at 3].

Plaintiffs now seek sanctions under Federal Rule of Civil Procedure 37(d) as well as 28 U.S.C. § 1927 "for bad faith failure to respond to discovery and for the contumacious conduct and unreasonable multiplication of proceedings through a documented, multi-year pattern of evidence concealment" [Doc. 39 ¶ 1].[2] Plaintiffs contend there has been "more than a 1,200-day pattern of concealment of Mr. Crawford's own medical records — records Tennova North has been legally required to produce since December 5, 2022" [*Id.* ¶ 2]. Plaintiffs argue that Defendant's "failure to respond to Plaintiffs' records requests since December 5[, 2022] constitutes willful non-compliance with Federal Rules 33, 34, and 36, as well as its 60-day pre-suit notice and HIPAA obligations, and its deliberate disregard of multiple requests by Plaintiffs and their mediator" [*Id.*].

Plaintiffs served "Interrogatories, Requests for Production of Documents, and Requests for Admission on March 4, 2026" and received no response [*Id.* ¶ 3]. Plaintiffs claim that Attorney Heidi A. Barcus ("Attorney Barcus") "has been the active instrument of the concealment described herein since at least June 4, 2024" and "now seeks to formalize that concealment through a Motion to Stay Discovery that has no legitimate legal basis" [*Id.* ¶ 4]. Plaintiffs assert that "[s]anctions —

---

[2] While Plaintiffs initially reference sanctions under Federal Rule of Civil Procedure 26(g) [Doc. 39 ¶ 1], they explicitly request sanctions under Federal Rule of Civil Procedure 37(d)(3) and 28 U.S.C. § 1927 [*Id.* ¶ 42] but fail to develop any argument for sanctions under Rule 26(g), which only applies to the signature on a disclosure under Rule 26(a)(1), (a)(3), and discovery requests, responses, or objections. Fed. R. Civ. P. 26(g)(1).

including adverse inference, monetary sanctions, and referral to the Tennessee Board of Professional Responsibility — are warranted against both Tennova North and Ms. Barcus personally" [*Id.* ¶ 5].

Plaintiffs' request for sanctions details the history of the case, beginning with the incidents at issue in their clam, starting with "Plaintiffs['] . . . first written request to Tennova North for Mr. Crawford's medical records following his November 2022 emergency department admission" on December 5, 2022" [*Id.* ¶ 6]. Plaintiffs allege that "Tennova North did not produce the records" [*Id.* ¶ 7]. Mr. Crawford was later "admitted to Methodist Medical Center's ICU with life-threatening kidney failure," from September 10–11, 2023, and "Methodist physicians and Mrs. Crawford made urgent requests to Tennova North to fax Mr. Crawford's medical records" [*Id.* ¶ 9]. Plaintiffs represent that "[o]nly partial, journal-like entries were eventually transmitted" [*Id.*]. In February 2023, Plaintiffs involved a mediator and aver that Defendant Tennova North's representatives "refused to cooperate and produced no records" [*Id.* ¶ 10].

In November 2023, "Plaintiffs provided HIPPA authorizations and pre-suit notice to Tennova North pursuant to Tenn. Code Ann. § 29-26-121(d)(1)" [*Id.* ¶ 11]. Plaintiffs argue that as a result, Defendants were to produce "specified medical records within 30 days" and "[Defendant] Tennova North did not produce the records" [*Id.*]. Plaintiffs posit that "[Defendant] Tennova North's conduct also constitutes information blocking under the 21st Century Cures Act, 42 U.S.C. § 300jj-52, and its implementing regulations at 45 C.F.R. § 171.103, which prohibit healthcare providers from engaging in any practice they know or should know is likely to interfere with access to electronic health information" [*Id.* ¶ 12].

"On June 4, 2024, [Attorney Barcus] introduced herself to Plaintiffs and directed that all record requests be routed through her" [*Id.* ¶ 14]. Plaintiffs contend this made her "the gatekeeper

of Mr. Crawford's own medical records — a gatekeeping function she has exercised exclusively in favor of concealment" [*Id.*]. That same month, Attorney Barcus "requested that Plaintiffs provide a specific list of the missing records they sought," but then after receiving the list, "stated that they were not interested in pre-suit discovery" [*Id.* ¶ 15]. While Attorney Barcus "subsequently claimed a lack of HIPPA authorization as a basis for withholding records," Plaintiffs maintain that "[a]ll potential defendants were provided HIPPA authorizations" as well as "supplemental HIPPA compliance forms" [*Id.* ¶ 16].

"On June 6, 2025, . . . Plaintiffs sent an urgent request to all defense counsel for kidney records. [Attorney] Barcus refused to produce them and falsely stated that Plaintiffs had previously confirmed they had received all records" [*Id.* ¶ 17]. "Plaintiffs again requested kidney and related records" in December 2025, and "[Attorney] Barcus again refused" [*Id.* ¶ 18]. Plaintiffs represent that as of filing their motion, "these records have never been produced, nor have [D]efendants stated the records do not exist" [*Id.*]. Plaintiffs argue that "[Attorney] Barcus has personally prevented Plaintiffs from accessing their own medical records for 600 days" [*Id.* ¶ 19].

Plaintiffs maintain that they "served Tennova North with Requests for Production of Documents, Interrogatories, and Requests for Admission" on March 4, 2026, and never received a response. On March 19, 2026, Attorney Barcus filed a Motion to Stay Discovery [Doc. 34]. Plaintiffs argue that Defendant Tennova North's "discovery obligations were not suspended by the filing of the motion" [Doc. 39 ¶ 21]. "On March 19, 2026, Plaintiffs sent a good faith letter to [Attorney] Barcus identifying the discovery dispute and requesting confirmation by March 20, 2026 at 5:00 p.m. that Tennova North would produce the requested records and withdraw the Motion to Stay Discovery," and did not receive a response [*Id.* ¶ 22].

In response to Plaintiffs' Motion for Sanctions, Defendant Tennova North notes that "[o]n October 29, 2025, Plaintiffs filed a Motion to Stay (Doc. 9)," and "[s]ince that time, Plaintiffs have filed a Writ of Mandamus (Doc. 32) and a Motion for Leave to Appeal in Forma Pauperis (Doc. 33)" [Doc. 43 p. 2]. Defendant Tennova North raises that "[w]hile the Motion to Remand was pending, Plaintiffs served discovery on [Defendant] Tennova North," and "[i]n response, Defendant Metro Knoxville filed a Motion to Stay Discovery until the Court had ruled on the Motion to Remand (Doc. 34)" [Id.].

Defendant Tennova North submits that "the crux of Plaintiffs' Motion for Sanctions is that Plaintiffs are complaining that they need a copy of the medical records from Mr. Crawford's November 27, 2022, admission to Tennova North" [Id.]. Defendant Tennova North contends that this "[c]omplaint is baseless," because Mr. Crawford "picked up a copy of his medical records from Tennova North on October 7, 2023. On June 6, 2024, Plaintiff Colleen Crawford confirmed that she had a copy of the Tennova North Medical records from the 2022 admission" [Id.]. Defendant Tennova North alleges that it "has provided Plaintiffs with instructions for how to make that request" [Id. (citing Doc. 44)]. Therefore, Defendant Tennova North argues that "there was no willful withholding of medical records. Rather, counsel has assisted with that request" [Id.].

Defendant Tennova North propounds that "there is no basis of any sort to assess Rule 37 sanctions because there is not any failure to make or cooperate in discovery" [Id. at 3]. Further, Defendant Tennova North asserts that "even if somehow not responding yet to Plaintiff's discovery could be treated as failure to cooperate in discovery, neither counsel nor Tennova North has engaged in bad faith" [Id.]. Defendant Tennova North reasons that "Plaintiffs filed their own Motion to Stay back in October 2025 which remains pending" and "filed discovery requests for the first time on March 4, 2026" [Id.]. Defendant Tennova North posits that "there is no Order

6

compelling discovery that could be deemed to have been violated, and no explicit warning that sanctions would follow," as discovery served by Plaintiffs "ha[d] only been in existence for approximately thirty-one (31) days" [*Id.*].

While Plaintiffs contend that "the discovery dispute has been going on for 1,200 days," Defendant Tennova North raises that "discovery was first served on March 4, 2026" [*Id.* (citing Doc. 39 ¶ 2)]. Defendant Tennova North asks the Court to "resolve the jurisdictional issue first to avoid compelling substantive discovery that may prove unnecessary if the case returns to state court" [*Id.* at 5]. Defendant Tennova North filed a supplement to its Response in opposition to Plaintiffs' Motion for Sanctions, which consists of a letter dated July 3, 2025, from Attorney Barcus to Plaintiffs and includes instructions on how to access medical records, using the Tennova North website [Doc. 45].

Plaintiffs then filed Plaintiffs' Response to the Supplement and argues that Federal Rule of Evidence 106 requires that the party "may introduce any other part [of a writing or communication] that in fairness ought to be considered at the same time" [Doc. 46 p. 1]. Plaintiffs argue that the letter "was not assistance," but was rather "a 'tactical redirection' designed to obscure the ongoing concealment of medical records" [*Id.*]. Plaintiffs ask the Court to consider Plaintiffs' full record in their other case, *Crawford v. Cmty. Health Sys., Inc.*, No. 3:24-cv-382, "to put the July 3 letter in the correct context" [*Id.* at 2]. While Defendants "claim Mrs. Crawford confirmed receipt of all medical records on June 6, 2024," Plaintiff asserts that "[t]he document Defendant references is a June 6, 2024 email from defense counsel Ms. Barcus herself — not a confirmation from Plaintiffs" and that the email stated that "most of the information will be contained in the medical records" [*Id.* at 3 (citing Doc. 46-2)]. Plaintiffs aver that Defendant's supplement "is the same letter that

7

failed to resolve the records dispute in the first case" and that "[f]iling the same letter in the second case as evidence of assistance does not transform a redirection into a production" [*Id.* at 13].

## II.      ANALYSIS

The Court will address Plaintiffs' requests for sanctions in turn.

### A.      Rule 37(d) Sanctions

Plaintiffs request sanctions under Rule 37(d), which provides for sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions may include "striking pleadings in whole or in part; staying further proceedings until the order is obeyed; [or] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii)–(v). A motion for Rule 37(d) sanctions requires "a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(b)(2)(B). The sanction imposed is in the court's discretion. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

The Court finds that Plaintiffs have not shown that sanctions are appropriate at this time. Rule 37(d) requires that the opposing party have been "properly served" with the discovery requests. And as the Court has already found, Plaintiffs' aforementioned discovery requests[3] were premature as there was "no representation that any Rule 26(f) has taken place, and no exception has been granted by stipulation or by the Court" [Doc. 47 p. 3]. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule

---

[3]      *See supra* note 1.

26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). And while requests for admissions have been described as "not a general discovery device," courts have found "that requests for admissions are subject to court-ordered discovery deadlines." *Freeman v. City of Detroit*, 274 F.R.D. 610, 613 (E.D. Mich. 2011) (citing *United States v. Guidant*, No. 3:03-0842, 2010 WL 2838539, at * 2 (M.D. Tenn. July 19, 2010)). Here, there are no court-ordered discovery deadlines, because no Rule 26(f) conference has taken place.[4] And while Plaintiffs allege this discovery dispute has been going on for the past 1,200 days, this case was first filed on September 25, 2025, and removed on October 21, 2025 [Doc. 1]. It is further noted that Defendant Tennova North stated to Plaintiffs in an email dated June 6, 2024, that "[a]ll other requests will be handled through the formal discovery process" and that they "do not intend to engage in any presuit discovery" [Doc. 46-1 p. 1].

Additionally, the Court finds that Plaintiffs have failed to certify that they "in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(b)(2)(B). Plaintiffs represent that on March 19, 2026, the same day Defendant Tennova North filed its Motion to Stay Discovery [Doc. 34], they "sent a good faith letter to [Attorney] Barcus identifying the discovery dispute and requesting confirmation by March 20, 2026 at 5:00 p.m. that Tennova North would produce the requested records and withdraw the Motion to Stay Discovery" [Doc. 39 ¶ 22]. The Court does not find that sending a single letter and demanding a response, as well as the withdrawal of a filed motion, by the next day constitutes a good faith effort to obtain the discovery. *See Milburn v. Hudgens*, No.

---

[4]    The Court also notes that both the Plaintiffs and Defendant Tennova North have filed respective motions to stay discovery, which are both pending before the Court [*See* Docs. 9, 34].

3:17-CV-35, 2018 WL 2337300, at *1 (E.D. Tenn. May 23, 2018) ("[T]he good-faith certification . . . is not an 'empty formality' and that the parties are required to engage in meaningful attempts to resolve discovery disputes prior to filing such motions.") (citation omitted).

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Therefore, "[p]ro se litigants, like any other litigants, must comply with the Federal Rules of Civil Procedure." *Blackmond v. UT Med. Grp., Inc.*, No. 02-cv-2890, 2003 WL 22385678, at *1 (W.D. Tenn. Sept. 17, 2003) (citation omitted).

Accordingly, the Court finds it inappropriate to impose sanctions, as Plaintiffs have not met the procedural requirements of Rule 37(d).

**B.     28 U.S.C. § 1927 Sanctions**

Plaintiffs also request 28 U.S.C. § 1927 sanctions against Attorney Barcus.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The United States Sixth Circuit Court of Appeals has held that fees "are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).

The standard is objective: "courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927." *Id.* (citation omitted). "[But] something more than negligence or incompetence must be demonstrated." *Id.* (citation omitted). "'The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'" *Wershe v. City of Detroit*, No. 21-11686, 2024 WL 3625312, at *3 (E.D. Mich. Aug. 1, 2024) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). "A court has 'broad discretion' in making this determination." *El-Khalil v. Tedeschi*, No. 18-12759, 2023 WL 5827666, at *8 (E.D. Mich. Sept. 8, 2023) (quoting *UrbCamCom/WSU I, LLC v. Lexington Ins. Co.*, No. 12-cv-15686, 2014 WL 6612260, at *2 (E.D. Mich. Nov. 20, 2014)). "A party seeking sanctions bears the ultimate burden of proof to show that sanctions are appropriate." *Bojicic v. DeWine*, 714 F. Supp. 3d 913, 918 (N.D. Ohio 2024) (citations omitted); *see also Scott v. Bank of Am., N.A.*, No. 21-11068, 2022 WL 4587839, at *12 (E.D. Mich. Sept. 29, 2022) ("The burden of proof is on the party seeking [monetary sanctions] under § 1927." (citing *Cook v. Am. S.S. Co.*, 134 F.3d 771, 776 (6th Cir. 1998)). If the moving party meets the "initial burden of production through a prima facie showing[,] . . . the burden of production shifts to the sanctions respondent to come forward with a reason why they should not be sanctioned." *Bojicic*, 714 F. Supp. 3d at 919 (emphasis omitted) (citing *Diego, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007)).

Plaintiffs argue that Attorney Barcus's conduct "independently warrants personal sanctions under 28 U.S.C. § 1927 and that her conduct "is the systematic multiplication of proceedings through bad faith obstruction, executed since June 2024" [Doc. 39 ¶¶ 7–8]. Specifically, Plaintiffs contend that "[d]espite being under continuous legal obligation to produce records since December 5, 2022, Tennova North has never produced a single medical record in response to any request —

11

statutory, pre-suit, or formal discovery" [*Id.* ¶ 39]. Plaintiffs further assert that Attorney Barcus "has been the active instrument of that obstruction since June 4, 2024, making material misrepresentations, inserting herself as an unauthorized gatekeeper between Plaintiffs and their own medical records, and now filing a meritless Motion to Stay as a procedural shield against obligations that predate this lawsuit by years" [*Id.*]

In response, Defendant Tennova North maintains that "[o]n June 6, 2024, Plaintiff Colleen Crawford confirmed that she had a copy of the Tennova North Medical records" and that to the extent that Plaintiffs need a second copy of the records, they provided Plaintiffs with instructions for how to make that request" [Doc. 43 p. 2 (citing Doc. 45)].

Under these circumstances, Plaintiffs have not met their burden for sanctions under § 1927. Defendant Tennova North explains that its Motion to Stay Discovery was filed "to prevent unnecessary costs and to protect parties from the burden of discovery when the Court may relinquish jurisdiction over the dispute" in light of Plaintiffs' pending Motion to Remand [Doc. 34 p. 3]. Indeed, Plaintiffs themselves filed a Motion to Stay, in which they asked the Court to "stay all proceedings, including discovery and depositions, pending resolution of their Motion to Remand (Doc. 3)" [Doc. 9 p. 1]. Both Motions to Stay remain pending and neither have been withdrawn. Under these circumstances, the undersigned does not find that Defendant Tennova North's filing of a similar motion demonstrates bad faith.

To the extent Plaintiffs rely on conduct arising from prior litigation before this Court, the undersigned likewise finds sanctions inappropriate in the present matter based on conduct allegedly occurring in a separate case—particularly where, as Plaintiffs acknowledge, that matter is currently on appeal before the Sixth Circuit [*See* Doc. 46 p. 6]. Accordingly, the undersigned recommends that Plaintiffs' request for § 1927 be denied.

12

## IV.    CONCLUSION

For the reasons explained, the Court **DENIES** Plaintiff's request for Rule 37(d) sanctions [**Doc. 39**].

**IT SO ORDERED.**

Further, the undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's requests for 28 U.S.C. § 1927 sanctions [**Doc. 39**].[5]

**IT IS SO RECOMMENDED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[5]    Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).